Eollett, J.
Plaintiff brought her action to enjoin the collection of a special assessment to pay the expense of opening Hough avenue. The petition avers, “ there was assessed on the land abutting on said Hough avenue an assessment,” etc. The property assessed included the land of plaintiff.
As the plaintiff’s right to this relief must be clear, does the testimony given on the trial clearly show such a right? The question is not, can this land be sold for this assessment? Neither is the questiou, would a title under a tax sale- to pay this assessment be valid ? Here the plaintiff *536 asks an injunction to prevent the collection of an assessment, and she rests her ease on the agreement and records set out in the bill of exceptions, and the presumption that these records are all the records there are, and that they show every act that, was done in the case, and how each act was done. Plaintiff claims the benefit of the facts — of what was in fact done — as opposed to presumptions; yet she did not try to show what was in fact done, and she now seeks the benefit of a conclusive presumption, that nothing was done that is not fully recorded and shown by the particular records plaintiff gave in evidence.
The facts asked by plaintiff' to be presumed are such as plaintiff could seek to establish with evidence; and, as it does not appear that any evidence was offered that the court did not receive and consider, we must disregard presumptions, and we must look only to the plaintiff’s evidence for the proof of her right to an injunction.
For a perpetual injunction the courts require that there ‘should be no doubt in the case, and that the plaintiff must make out a clear and unexceptionable right. Dan. Ch. 1681.
“ Coui'ts will not exercise this necessary authority when 'the right is doubtful or the facts not definitely ascertained.” Burnham v. Kempton, 44 N. H. 92.
“ The right must be clear.” Bonaparte v. Camden and Amboy R. R. Co., 1 Bald. 218.
In her amendment to the petition plaintiff averred, •1. “ There has never, by anybody, been a valuation of any special benefits conferred by said opening of Hough avenue;” 2. “ nor has there ever been a determination that said assessment was apportioned in proportion to the special benefits derived from such opening; ” 3. “ or that said assessment did not exceed said benefits; ” 4. “ and in truth and in fact said assessment was not on the property benefited thereby, but only on the property fronting on said street.” All these averments were denied; and the plaintiff had the burden of proving a clear right to an injunction; and, in proof of the averments -and of such right, *537 in addition to the agreement about the two parcels of land, plaintiff put iu evidence certain records and papers, some that tended to prove and some that tended to disprove the averments. The paper showing.an assessment and the paper showing the equalization of the same, did not prove the assessment to be by the front foot merely, but at least that the same may have been “in proportion to benefits.” The evidence was so indefinite, limited, and uncertain, that the district court could well say the plaintiff did not clearly establish the averments in the amendment to the petitiou, and did not clearly show a right to the injunction asked for. The defendants were not called upon affirmatively to establish a right or a valid assessment. For aught that appears, there may have been record evidence of a valid assessment, which the plaintiff would not introduce, and the defendants need not introduce. It is admitted that all the facts of the case were not before the court, and the court must decide the plaintiff’s right upon what testimony the plaintiff gave the court. The case here lies within a narrow compass, and we think it best not to go outside the case.
The plaintiff asked for an injunction, she had the burden of showing her right to such an exercise of the power of the court. In the opinion of the district court, plaintiff failed to show that she had such a clear right. We think the court did not err.
We do not express auy opinion upon other questions sought to be raised in the case.

Judgment affirmed.